*North*, for the defendants.

WELLS, J., orally. — The plaintiffs have no interest in the note, nor have they consented that the suit should be brought in their name. It cannot, therefore, be sustained. The property in the note became the indorsers', as soon as they had settled it at the bank. With the consent of the bank, it might have been sued in the present form; but not without that consent. *Bradford* v. *Buckman*, 3 Fairf. 15. Otherwise a party might be made a litigant, and subjected to cost, without any interest in the subject, or even any notice of it.

*Nonsuit confirmed.*

## FLETCHER v. GUSHEE.

A negotiable note in the hands of an indorsee, *"to whom it came before the pay-day, for a valuable consideration, without notice that the maker had any objection to the payment of it,"* is good against the maker, although it was obtained from the payee and put into circulation by fraud.

ASSUMPSIT by the indorsee against the maker of a negotiable note payable at four months. The case states, that "it came to the hands of the plaintiff before the pay-day, for a valuable consideration, without notice, that the maker had any objection to the payment of it."

The defendant offered to prove, that it was an accommodation note, for which he received no value, and that it was obtained from the payee and put into circulation by fraud.

The trial was before HOWARD, J., who rejected the evidence. The case was then taken from the jury and submitted to the court, upon an agreement that, if the offered evidence was rightfully rejected, the defendant should be defaulted; otherwise the action to stand for trial.

*Bachelder*, for the plaintiff.

*Whitmore*, for the defendant.

As the note was obtained from the payee and put into circulation by fraud, the want of consideration is a defence open

Fletcher *v.* Gushee.

to the defendant, unless the plaintiff, taking the onus upon himself, shows, that it came to him *in the regular course of business,* and that it came to him *without knowledge of the fraud.*

Neither of these facts has he even attempted to show. *Aldrich* v. *Warren,* 16 Maine, 465; *Munroe* v. *Cooper,* 5 Pick. 412.

HOWARD, J., orally. — The plaintiff was the *bona fide* holder, for value, and before the maturity of the note. The evidence was, therefore, rightfully rejected.

*Defendant defaulted.*